**KOLLER LAW LLC**
David M. Koller, Esq. (90119)
Sarah R. Lavelle, Esq. (93383)                                  *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
slavelle@kollerlawfirm.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LEIGH ANN KANISH** | : | Civil Action No.   1:19-Cv-338 |
| **9860 Iroquois Trail** | : | |
| **Linesville, PA 16424** | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | **Complaint and Jury Demand** |
| | : | |
| **CRAWFORD AREA** | : | |
| **TRANSPORTATION AUTHORITY** | : | |
| **214 Pine Street** | : | |
| **Meadville, PA 16335** | : | |
| **Defendant.** | : | |

### CIVIL ACTION

Plaintiff, Leigh Ann Kanish (hereinafter "Plaintiff"), by and through her attorney, Koller Law, LLC, bring this civil matter against Crawford Area Transportation Authority, (hereinafter "Defendant"), for violations of Title VII of the Civil Rights Act of 1964, as amended, and the Pennsylvania Human Relations Act ("PHRA"). In support thereof, Plaintiff avers as follows:

### **THE PARTIES**

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual residing at the above captioned address.

3. Upon information and belief, Crawford Area Transportation Authority is a transportation service for communities within Crawford and Venango counties with a location and

headquarters located at 214 Pine Street, Meadville, PA 16335.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer. In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original

jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the Western District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Plaintiff is domiciled in this judicial district, the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

12. Plaintiff exhausted her administrative remedies under Title VII.

13. Plaintiff timely filed a Complaint of Discrimination ("Complaint") with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging sex discrimination Defendant.

14. The Complaint was assigned a Charge Number 533-2018-00200 and was dual filed with the Pennsylvania Human Relations Commission.

15. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") relative to the Charge and that Notice is dated August 16, 2019. Plaintiff received the notice by mail.

16. Prior to the filing of this action, Plaintiff notified the EEOC of her intent to proceed with a lawsuit in federal court.

17. Plaintiff files the instant Complaint within ninety (90) days of her receipt of her Right to Sue in this matter.

18. Plaintiff has exhausted her administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

19. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

20. In February 2012, Defendant hired Plaintiff in the position of Driver.

21. Plaintiff was well qualified for her position and performed well.

22. In July 2013, Defendant promoted Plaintiff to Supervisor.

23. Plaintiff was well qualified for her position and performed well.

24. In or around October 2016, Ben Walker, Safety Officer, began to sexually harass Plaintiff.

25. By way of example, when Plaintiff was bent over to pick up a paperclip, Mr. Walker stated, "Oh you're in the right position now." As Mr. Walker said this, he attempted to thrust his hips on to Plaintiff's buttocks. Plaintiff was deeply offended by Mr. Walker's conduct, and she demanded that he stop.

26. Mr. Walker also frequently made sexually inappropriate comments to Plaintiff about her body, including, but not limited to, "nice boobs."

27. In December 2016, Mr. Walker stated to Plaintiff, "I have 15 minutes before lunch, so you can give me a blow job." Plaintiff was offended by these comments and requested that Mr. Walker stop.

28. Plaintiff was shocked and appalled by Mr. Walker's conduct and denied his advances.

29. Plaintiff needed her job at Defendant and feared retaliation, so she did not complain about Mr. Walker's sexual harassment.

30. In January 2017, Plaintiff and Doug Sekerski, Operations Manager, complained to Larry Marsteller, President of the Board of Directors, about several work-related issues.

31. Shortly afterwards, Tim Geibel, General Manager, informed Plaintiff that if she "went over his head" to a board member again that she would be terminated. He did this in front of Laura King, Human Resources.

32. At the end of January 2017 and less than five (5) days after the complaint, Defendant terminated Mr. Sekerski.

33. This further intensified Plaintiff's fear of retaliation if she complained about Mr. Walker's sexual harassment.

34. In early February 2017, Mr. Walker was promoted to Operations Manager and became Plaintiff's direct supervisor.

35. Mr. Walker's sexual harassment of Plaintiff became more frequent as they interacted on a daily basis once he became her direct supervisor.

36. Mr. Walker frequently thrust his hips into the back of Plaintiff's chair when she was sitting in it in a sexually offensive gesture.

37. On one incident, Mr. Walker told Plaintiff that she should come into his office and that he would make her squeal like a pig.

38. Mr. Walker also stated to Plaintiff, "Your old man's junk doesn't work anymore. You need to be laid." Mr. Walker's grossly inappropriate comment was meant to demean Plaintiff's husband, who was in the process of receiving treatments for prostate cancer, in the hope that she would have sexual relations with him.

39. In addition, he regularly grabbed his genitals and asked Plaintiff, "Do you want some?"

40. In March 2017, Plaintiff was picking something up from underneath the fax machine, when Mr. Walker approached her and stated, "Oh leave your head right there. You can suck me off."

41. On March 19, 2017, Mr. Walker entered Plaintiff's office, pulled down his zipper and told her, "I got something for you."

42. Plaintiff was deeply offended by Mr. Walker's comments and conduct and began fearing for her safety, yet she continued to deny Mr. Walker's advances.

43. When Plaintiff denied Mr. Walker's advances, he stated, "I am your boss now."

44. This was a clear attempt by Mr. Walker to intimidate and coerce Plaintiff into acquiescing to his sexual advances and propositions if Plaintiff wanted to remain employed.

45. Plaintiff was so distraught with Mr. Walker's unbridled sexual harassment and of his disregard for her complaints to cease his harassment, that she threatened to call the police.

46. However, he responded, "I am a cop. Who do you think the cops will believe, me or you?"

47. Mr. Walker previously served as Chief of Police and was still employed as a Sergeant at the police department.

48. Mr. Walker ensured that this fact was well known and informed Plaintiff that he was a police officer when she denied his sexual advances, in an attempt to intimidate and coerce Plaintiff into accepting his sexual propositions.

49. In addition, Mr. Walker not only targeted Plaintiff herself, but also made sexually inappropriate comments about Plaintiff's daughter to her.

50. Mr. Walker stated to Plaintiff that her daughter, was "doable" and that he would "definitely tap that."

51. Plaintiff was shocked and appalled by Mr. Walker's reprehensible comments as any mother would be.

52. Despite multiple coworkers witnessing Mr. Walker's sexual harassment of Plaintiff, Defendant did nothing to address it. Mr. Walker continued to sexually harass Plaintiff.

53. In early April 2017, Karen Clark, Deputy General Manager, stated to Plaintiff, "Acting like a dyke is not becoming of you."

54. Plaintiff was offended by Ms. Clark's discriminatory and harassing comment.

55. On April 27, 2017, Plaintiff had her annual performance evaluation conducted by Mr. Walker, Ms. Clark and Ms. King.

56. Mr. Walker proceeded to nitpick Plaintiff's work product and issue her a negative performance review. Previously, Plaintiff had never been told of any performance deficiencies.

57. It is Plaintiff's belief that Mr. Walker issued her this negative performance evaluation due to her rejection of his sexual advances.

58. On May 8, 2017, Plaintiff had a second annual performance evaluation conducted by Mr. Walker, Ms. Clark, Ms. King and Mr. Geibel which was also unjustifiably negative.

59. Upon information and belief, Plaintiff suffered harm as the result of the negative performance evaluation in the form of a lesser raise.

60. On May 9, 2017, Plaintiff was forced to terminate her employment with Respondent due to the hostile work environment caused by Mr. Walker's sexual harassment. She was constructively discharged.

### COUNT I – SEXUAL HARASSMENT HOSTILE WORK ENVIRONMENT
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

61. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

62. Taken together, the acts outlined above constitute a hostile work environment based on sex.

    a. Plaintiff suffered intentional discrimination because of her membership in a protected class – female.

    b. Such discrimination was severe, pervasive, and regular.

    c. Such discrimination detrimentally affected Plaintiff.

    d. Such discrimination would have detrimentally affected a reasonable person of the same protected class in Plaintiff's response.

63. Plaintiff suffered tangible employment actions as alleged herein.

64. There existed in Defendant *respondeat superior* liability because the harassment was created by a supervisor with authority over Plaintiff and was above Plaintiff in the chain of command.

65. The unlawful employment practices outlined above were intentional.

66. Defendant is not entitled to an affirmative defense.

67. Defendant knew or reasonably should have known of the sexual harassment.

68. Defendant failed to exercise reasonable care to prevent and promptly correct the harassing behavior.

69. Indeed, upon information and belief, Defendant failed to discipline the harasser for his misconduct, which caused Plaintiff to be subjected to further harassment.

70. As a result of Defendant's actions and conduct, Plaintiff has suffered emotional pain and distress, mental anguish, loss of enjoyment of life's pleasures.

71. The above described acts of Defendant with regard to Plaintiff were egregious and were committed with a malicious, willful, and/or reckless indifference to the federally protected rights of Plaintiff.

72. The extreme and outrageous acts of Defendant merit the imposition of punitive damages.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### COUNT II – SEXUAL HARASSMENT – HOSTILE WORK ENVIRONMENT
### PENNSYLVANIA HUMAN RELATIONS ACT

73. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

74. Taken together, the acts outlined above constitute a hostile work environment based on sex.

    a. Plaintiff suffered intentional discrimination because of her membership in a

   protected class – female.

  b. Such discrimination was severe, pervasive, and regular.

  c. Such discrimination detrimentally affected Plaintiff.

  d. Such discrimination would have detrimentally affected a reasonable person of the same protected class in Plaintiff's response.

75. Plaintiff suffered tangible employment actions as alleged herein.

76. There existed in Defendant *respondeat superior* liability because the harassment was created by a supervisor with authority over Plaintiff and was above Plaintiff in the chain of command.

77. The unlawful employment practices outlined above were intentional.

78. Defendant is not entitled to an affirmative defense.

79. Defendant knew or reasonably should have known of the sexual harassment.

80. Defendant failed to exercise reasonable care to prevent and promptly correct the harassing behavior.

81. Indeed, upon information and belief, Defendant failed to discipline the harasser for his misconduct, which caused Plaintiff to be subjected to further harassment.

82. As a result of Defendant's actions and conduct, Plaintiff has suffered emotional pain and distress, mental anguish, loss of enjoyment of life's pleasures.

83. The above described acts of Defendant with regard to Plaintiff were egregious and were committed with a malicious, willful, and/or reckless indifference to the federally protected rights of Plaintiff.

84. The extreme and outrageous acts of Defendant merit the imposition of punitive damages.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this

Complaint, *infra.*

### COUNT III – SEXUAL HARASSMENT – *QUID PRO QUO*
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

85. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

86. Plaintiff is a member of a protected class (female).

87. Plaintiff was subject to unwelcome conduct by her supervisor.

88. Plaintiff's reaction to their advances affected tangible aspects of her employment, including continued employment by Defendant.

89. Mr. Walker was an employee of Defendant and Plaintiff's direct manager who had significant authority and decision-making, and the ability to terminate Plaintiff's employment.

90. The unlawful employment practices outlined above were intentional.

91. Defendant engaged in the unlawful employment practices outlined above with malice or reckless indifference to the federally protected rights of Plaintiff.

92. As a result of Defendant's actions and conduct, Plaintiff has suffered emotional pain and distress, mental anguish and loss of enjoyment of life's pleasures, as well as damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

### COUNT IV – SEXUAL HARASSMENT – *QUID PRO QUO*
### PENNSYLVANIA HUMAN RELATIONS ACT

93. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

94. Plaintiff is a member of a protected class (female).

95. Plaintiff was subject to unwelcome conduct by her supervisors.

96. The conduct was intentional and based upon Plaintiff's gender.

97. Submission to the unwelcome conduct and sexual advances was a condition of Plaintiff's employment.

98. As a result, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT V – RETALIATION
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

99. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

100. Plaintiff engaged in activity protected by Title VII when she denied Mr. Walker's sexual advances.

101. Defendant took adverse employment actions against Plaintiff, including, but not limited to, providing negative performance evaluations.

102. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

103. Defendant forced Plaintiff to terminate her employment as a result of denying sexual advances.

104. As a result of Defendant's unlawful retaliation, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT VI – RETALIATION
## PENNSYLVANIA HUMAN RELATIONS ACT

105. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

106. Plaintiff engaged in activity protected by the PHRA when she denied Mr. Walker's sexual advances.

107. Defendant took adverse employment actions against Plaintiff, including, but not limited to, providing negative performance evaluations.

108. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

109. Defendant forced Plaintiff to terminate her employment as a result of denying sexual advances.

110. As a result of Defendant's unlawful retaliation, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Leigh Ann Kanish, requests that the Court grant her the following relief against Defendant:

(a) Compensatory damages;

(b) Punitive damages;

(c) Emotional pain and suffering;

(d) Reasonable attorneys' fees;

(e) Recoverable costs;

(f) Pre and post judgment interest;

(g) An allowance to compensate for negative tax consequences;

(h) A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of Title VII and the PHRA.

(i) Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(j) Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(k) Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

**RESPECTFULLY SUBMITTED,**

**KOLLER LAW, LLC**

Date: November 14, 2019   **By:** *[signature]*
David M. Koller, Esquire (90119)
Sarah R. Lavelle, Esquire (93383)
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
215-545-8917
davidk@kollerlawfirm.com
slavelle@kollerlawfirm.com
*Counsel for Plaintiff*